IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

06/15/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| MARSHALL DeWAYNE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-3164-JWL |
| | ) | |
| TODD BLANCHE, | ) | |
| Acting United States Attorney; and | ) | |
| C. CARTER, Warden, FCI-Leavenworth, | ) | |
| | ) | |
| Respondents.[1] | ) | |
| | ) | |
| | ) | |
| MARSHALL DeWAYNE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-3172-JWL |
| | ) | |
| TODD BLANCHE, | ) | |
| Acting United States Attorney, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

These two habeas cases filed elsewhere were transferred to this Court based on

petitioner's transfer to a facility within this judicial district.  The Court has reviewed both

---

[1] The Court has substituted as proper respondents the official presently acting as United States Attorney and petitioner's present custodian after his transfer to a facility within this district.

petitions, and it has concluded that all of petitioner's claims are subject to denial on their merits.  The Court thus orders petitioner to show cause, by filing a single written response using the above caption, on or before **July 15, 2026**, why his claims should not be denied for the reasons set forth herein.[2]

### I.      Procedural Background

In 1984, petitioner was convicted in federal court in Texas of charges arising from petitioner's planting a pipe bomb that killed his stepfather, and he eventually received consecutive terms of imprisonment of 99 and 10 years.  While serving that sentence, petitioner was convicted in federal court in Tennessee of a charge arising from his mailing a letter containing a white substance purporting to be anthrax to a district court judge who had denied his habeas petition, and he eventually received an additional sentence of 96 months.

In 2024, petitioner field a habeas petition in the United States District Court for the District of South Carolina.  On January 3, 2025, a magistrate judge issued a written opinion recommending that the Government be granted summary judgment in the case; on March 5, 2025, the district judge overruled petitioner's objections, granted summary judgment to the Government, and dismissed the petition; and on December 23, 2025, the Fourth Circuit affirmed those rulings.  *See Williams v. Warden of Bennettsville F.C.I.*, 2025 WL 714306

---

[2]  Petitioner's pending motion in Case No. 26-3172 to proceed without payment of the filing fee (Doc. # 2) is hereby **granted**.

(D.S.C. Jan. 3, 2025), *report and recommendation adopted*, 2025 WL 713677 (D.S.C. Mar. 5, 2025), *aff'd*, 2025 WL 3724575 (4th Cir. Dec. 23, 2025).

On May 19, 2025, petitioner initiated a habeas action in the United States District Court for the Western District of Pennsylvania. After the court denied a request for preliminary injunctive relief, petitioner filed a new petition (Doc. # 12). Petitioner was transferred to a facility within this judicial district, and on May 26, 2026, the Pennsylvania district court transferred the case to this Court, and the case has been assigned Case Number 26-3164.

On April 20, 2026, petitioner initiated a habeas action in the United States District Court for the District of Columbia. On May 18, 2026, the district court transferred that case to this Court, and the case has been assigned Case Number 26-3172.

## II.    Analysis of Petitioner's Claims

### *Case No. 26-3164 – Claim One*

For his first claim in Case No. 26-3164, petitioner incorporates by reference his first claim asserted in his South Carolina habeas action, by which petitioner argued that his good conduct time had been miscalculated and that he had fully served his sentence, based on a court-set date on which petitioner could be eligible for parole. In that action, the magistrate judge and district judge thoroughly considered and rejected this claim, reasoning that that potential eligibility did not mandate petitioner's release and noting that petitioner had not taken advantage of the opportunity to apply for parole; and the Fourth Circuit affirmed that ruling. In his present petition, petitioner has not explained how those courts erred in

rejecting this claim, and this Court is persuaded by the reasoning of those courts. In addition, even though the South Carolina court dismissed this claim without prejudice, it did decide the issue, and petitioner has not explained why he should not be legally barred from asserting the same claim in the absence of any change in circumstance. Accordingly, if petitioner cannot explain why this claim may nevertheless succeed, the Court will deny the claim.

### *Case No. 26-3164 – Claim Two*

Petitioner also incorporates by reference his second claim asserted in the South Carolina habeas case, by which he attacked his sentence. In that case, the magistrate judge and the district judge rejected this claim (with the Fourth Circuit affirming), on the basis that any such challenge to the validity of petitioner's sentence could only be asserted under 28 U.S.C. § 2255, and that the exception in Section 2255(e) did not apply because petitioner's remedy under that section was not inadequate. Again, petitioner has not explained why he may pursue this claim again or how the other courts erred in rejecting it, and the reasoning of those courts is sound at any rate. If petitioner cannot explain why this claim may nevertheless succeed, the Court will deny the claim.

### *Case No. 26-3164 – Claim Three*

By his third claim in this action, petitioner claims that he is being unlawfully detained under a theory that the United States Parole Commission, which still governs petitioner's eligibility for parole under extensions to sentencing statutes first passed in the 1980s, actually ceased to exist because one extension was not enacted before the prior extension expired. The Tenth Circuit has rejected similar claims. *See Von Kahl v. United*

4

*States*, 321 F. App'x 724 (10th Cir. 2009) (citing *Bledsoe v. United States*, 384 F.3d 1232 (10th Cir. 2004), and *Lewis v. Martin*, 880 F.2d 288 (10th Cir. 1989)); *see also Raine v. Daniels*, 2010 WL 11505689, at *4, 6 n.13 (D. Colo. Dec. 17, 2010) (petitioner was not entitled to release even if statutory theory was correct; Congress clearly had the intent to keep such defendants subject to the Parole Commission), *aff'd*, 462 F. App'x 793 (10th Cir. 2012).  In these cases, the Tenth Circuit has made clear that the amendments and any one-day lapse regarding the Parole Commission do not entitle a petitioner to a set release date or his present release; and petitioner has not cited any persuasive authority to support this theory and the assertion that the Parole Commission no longer exists.  Accordingly, if petitioner cannot explain why his claim survives in the face of this Tenth Circuit authority, the Court will deny the claim.

### *Case No. 26-3164 – Claim Four*

In his fourth claim in this action, petitioner alleges "a huge conspiracy and scheme perpetrated by the former employees of the former U.S. Parole Commission in conjunction with the approval of the United States Attorney and subordinate Assistant United States Attorneys," under which petitioner has been unlawfully detained and millions of dollars have been embezzled.  This claim, for which petitioner has cited no supporting authority, is subject to denial because it depends on the same assertions, addressed above, that the Parole Commission lacks any authority and that petitioner's detention is unlawful.

### *Case No. 26-3164 – Claim Five*

In his fifth claim, petitioner alleges a constitutional violation based on the allegation that the magistrate judge in his South Carolina habeas case engaged in an *ex parte*

conversation with a person she believed to be a federal prosecutor (whom petitioner was impersonating), in which the magistrate judge allegedly agreed to help cover up the aforementioned conspiracy. Petitioner has not explained how any such communication affected the administration of his sentence such that the claim could be addressed in a habeas case. Even if petitioner were to argue that the alleged misconduct prejudiced his South Carolina habeas case, the claim would still lack merit, as the South Carolina district court rejected petitioner's habeas claims (and rejected objections in which petitioner alleged the same *ex parte* communications) upon *de novo* review (and the Fourth Circuit affirmed that dismissal). If petitioner cannot explain how this alleged misconduct affected the administration of his sentence, the Court will deny the claim.

### Case No. 26-3172 – Claim One

In his first claim in Case No. 26-3172, petitioner again asserts his claims that he is the victim of an embezzlement scheme involving the Parole Commission and that he is entitled to a release date. Those claims lack merit for the same reasons discussed above.

### Case No. 26-3172 – Claim Two

In his second claim in Case # 26-3172, petitioner again asserts his claim regarding the application of his good conduct time that the South Carolina court denied, and that claim thus cannot succeed here as discussed above.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner shall show cause, by filing a single written response using the above caption, on or before **July 15, 2026**, why his claims should not be denied for the reasons set forth herein.

6

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion in Case No. 26-3172 to proceed without payment of the filing fee (Doc. # 2) is hereby **granted**.

IT IS SO ORDERED.

Dated this 15th day of June, 2026, in Kansas City, Kansas.

    /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge